{¶ 1} Defendant-appellant Marchelle Mitchell appeals from a judgment of conviction for possession of phencyclidine (PCP), a violation of R.C.2925.11, and a fifth degree felony. Mitchell waived her right to a jury and the case commenced as a bench trial. Mitchell sets forth one assignment of error, asserting that the conviction was against the manifest weight of the evidence. For the reasons below, we affirm.
 {¶ 2} In determining whether a conviction is against the manifest weight of the evidence, an appellate court must "review the record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses." State v. Martin (1983), 20 Ohio App.3d 172,175. The weight of the evidence specifies that the "greater amount of credible evidence supports one side of an issue more than the other."State v. Thompkins (1997), 78 Ohio St.3d 380, 387, 1997-Ohio-52. "Only if we conclude that the trier of fact clearly lost its way in resolving conflicts in evidence and created a manifest miscarriage of justice will we reverse the conviction and order a new trial." Id.
 {¶ 3} The state charged Mitchell with possession of drugs under R.C.2925.11(A). That section provides that "no person shall knowingly obtain, possess, or use a controlled substance."
 {¶ 4} In the early morning hours of February 15, 2006, a Cleveland Metropolitan Housing Authority (CMHA) police officer observed a vehicle illegally parked in a handicap parking space. Officer Williams observed four passengers in *Page 4 
the vehicle: one of whom he identified as appellant-Mitchell. Officer Williams testified that he saw Mitchell with a cigarette in her hand and as he approached the vehicle, she made furtive movements toward her lap. Officer Williams recognized the pungent odor of PCP through the cracked windows of the vehicle.
 {¶ 5} Officer Williams immediately arrested Mitchell. When Mitchell exited the car, Officer Williams saw that she was sitting on a cigarette. Based on the color and appearance of the cigarette, he suspected that it had been dipped in PCP. The second officer on the scene, Officer Hamilton, also testified that he was present when Officer Williams removed Mitchell from the vehicle and saw that she was sitting on the PCP cigarette.
 {¶ 6} Appellant-Mitchell offered her sister, Lashelle Mitchell, as her sole witness. Lashelle Mitchell testified that she smelled PCP in the vehicle that evening before Mitchell entered the vehicle. She also testified that she had smoked PCP with Mitchell in the past. However, she stated that she did not see Mitchell with a cigarette that night.
 {¶ 7} Mitchell contends that the conviction was against the manifest weight of the evidence because of discrepancies in the testimony given by the two police officers. We find that the court did not lose its way by finding Mitchell guilty of possession of PCP. Both officers identified Marchelle Mitchell as having a PCP cigarette in her possession. Even though there was conflicting testimony as to where Mitchell was sitting, and whether the entire vehicle was searched, what is *Page 5 
consistent in both officers' testimony is that the defendant was sitting on the PCP-laced cigarette. Both officers smelled the PCP when they approached the vehicle. Mitchell's own witness confirmed that she also smelled PCP in the car that night and that they had smoked PCP together in the past. Lashelle Mitchell's testimony also confirmed Officer Williams' testimony as to where Mitchell was sitting.
 {¶ 8} Mitchell has failed to establish that her conviction was against the manifest weight of the evidence by showing that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that her conviction must be reversed and a new trial ordered.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ANN DYKE, J., and MARY J. BOYLE, J., CONCUR *Page 1